THELMA F. ANDERSON

V.

RALPH K. VAN LANDINGHAM

Record No. 860560

September 23, 1988

Present: All the Justices

W.H.C. Venable (Frederick E. Baukhages, on briefs), for appellant.

B.H.B. Hubbard, III (William J. Kopcsak; Kopcsak, Breeden & Hubbard, on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this action at law upon a contract, we consider the effect of a court order which modified a provision of the agreement.

The facts are undisputed. Appellant Thelma F. Anderson and appellee Ralph K. Van Landingham formerly were married to each other. Domestic problems arose during the marriage. They executed the contract in issue dated September 1, 1977, providing for the conditions of maintenance of the parties and for the care, custody, and maintenance of their minor children. The agreement provided in paragraph (b) of section 9 that

> "On August 1, 1978, and on August 1 of each year thereafter, so long as any of the parties' children under the age of 18 years is in Wife's custody, Husband shall pay to Wife in addition to the amounts payable pursuant to [paragraph] (a) of this §9, the sum of three thousand dollars ($3,000) for the care, custody and maintenance of said children or child."

Paragraph (a) of section 9 contained basic child support provisions.

In December 1978, a decree divorcing the parties from the bonds of matrimony was entered in the court below. The decree provided "that the agreement between the parties dated September 1, 1977 . . . be, and the same is hereby, affirmed, ratified, and incorporated into this decree." The decree also provided for transfer to the local juvenile and domestic relations district court jurisdiction of "all matters pertaining to maintenance, support, care

and custody of the infant children of the parties, including enforcement of the provisions of this decree."

Thereafter, apparently in November 1982, the juvenile court entered the order which generated the present dispute. Reciting that "certain disagreements" had arisen between the parties with regard to the decree provision incorporating the agreement by reference and that the parties were willing to amend the decree "by mutual agreement," the order provided for a change in the decree as follows:

"that the agreement between the parties dated September 1, 1977, concerning the conditions of the maintenance of the parties and the care, custody and maintenance of their minor children, be, and the same is hereby, affirmed, ratified and incorporated into this decree, *provided, however, that payment of the sums required by [paragraph] (b) of §9 thereof to be paid on and after August 1, 1983, shall not be required hereby*; . . ." (Emphasis added.)

Counsel for both parties endorsed the order: "We ask for this."

In August 1985, the wife instituted the present action at law in contract seeking judgment against Van Landingham in the amount of $9,000 plus interest. She alleged that he had "failed and refused" to pay sums due her on August 1, 1983, 1984, and 1985, respectively, for additional child support as required by paragraph (b) of section 9 of the September 1977 agreement. Van Landingham moved to dismiss the action asserting that the consent order entered by the juvenile court barred any claim against him for child support based on that paragraph of the agreement. The trial court granted the motion and we awarded Anderson an appeal from the March 1986 order dismissing her action.

On appeal, she contends that the trial court erred because the juvenile court order merely modified the provisions of the divorce decree and had no effect on the contract terms. She says that the "primary purpose" of incorporating an agreement by reference into a divorce decree, pursuant to Code § 20-109.1, is to make the incorporated provisions enforceable by the divorce court's contempt power and not to terminate the private contract. Any subsequent change in the orders in the divorce proceeding, either in the circuit court or the juvenile court, she argues, does not affect the substantive terms of the contract because courts have "no power

to nullify a valid private contract." Thus, she says, the husband remains liable on the contract for payment of the additional child support. We disagree.

■ The divorce court, and the juvenile court when jurisdiction has been transferred under Code § 20-79(c), may revise or alter the child support provisions of the divorce decree. The appropriate court has continuing jurisdiction to modify the decree "as to the maintenance of minor children, notwithstanding the existence of a contract between the parents." *Morris* v. *Morris*, 216 Va. 457, 461, 219 S.E.2d 864, 867 (1975).

■ In the present case, it was unnecessary for the juvenile court to exercise its power in an adversary setting. Rather, the agreement of the parents modified the contract provision dealing with payment of additional child support. This is demonstrated clearly by the recitations in the juvenile court order and the endorsements of counsel. At the request of the parties, the juvenile court merely confirmed by order their solemn agreement to cancel the additional child support provisions.

■ The order recited that "disagreements" had arisen between the parties "with regard to paragraph C" of the divorce decree. Paragraph C affirmed, ratified and incorporated into the decree "the agreement between the parties dated September 1, 1977, concerning . . . the care, custody and maintenance of their minor children." The juvenile court order "amended, modified and changed" the divorce decree "to read" that the September 1977 agreement be altered to eliminate the requirement for additional child support payments by Van Landingham. Contrary to Anderson's argument, the contract, not merely the decree, was changed by mutual agreement. Thus, no contractual basis existed for an action at law for recovery of sums allegedly due for additional child support.

Consequently, we hold that the trial court did not err in dismissing the suit on the contract. The order of dismissal will be

*Affirmed.*